UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**PRINCIPLE SOLUTIONS LLC,**

        Plaintiff-Counterclaim-Defendant,

    -vs-

**FEED.ING BV,**

        Defendant-Counter-Claimant,       **Case No. 13-C-223**

**and**

**KEVIN ZIMMER**

        Counterclaim-Defendant.

---

## DECISION AND ORDER

---

The Plaintiff, Principle Solutions LLC ("Principle"), asserts that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2). Section 1332(a)(2) affords district courts jurisdiction over civil actions between state citizens and citizens of foreign states. *Sadat v. Mertes,* 615 F.2d 1176, 1182 (7th Cir. 1980). "This power is sometimes referred to as alienage jurisdiction." *Id.*

As with any case involving diversity or alienage jurisdiction, this Court is responsible for independently evaluating the sufficiency of the allegations to determine whether the parties meet the diversity (or alienage) and amount in controversy requirements of 28 U.S.C. § 1332. *See Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010); *Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009).

Civil Local Rule 8 provides:

> If a pleading or notice of removal asserts jurisdiction based on diversity of citizenship, the pleading or notice must identify the amount in controversy and the citizenship of each party to the litigation. If any party is a corporation, the pleading or notice must identify both the state of incorporation and the state in which the corporation has its principal place of business. If any party is an unincorporated association, limited liability company, or partnership, the pleading or notice must identify the citizenship of all members.

(E.D. Wis.)

As the party invoking federal jurisdiction, Principle bears the burden of demonstrating that the jurisdictional requirements have been met. *See Muscarello,* 610 F.3d at 425. The burden of persuasion for establishing diversity jurisdiction is on the party asserting it. *Hertz Corp. v. Friend,* 559 U.S. 77, 130 S.Ct. 1181, 1194 (2010).

With respect to alienage jurisdiction, paragraphs one and two of the Complaint allege the following:

> Principle is a limited liability company organized under the laws of the State of Wisconsin. Principle's principal place of business is located at 5278 Red Cedar Court, West Bend, Wisconsin 53095. All of the members of Principle are considered citizens of the State of Wisconsin for purposes of assessing jurisdiction.
>
> Defendant Feed is, upon information and belief, a limited liability company located in The Netherlands and organized in accordance with Dutch law. Upon information and belief, no member of Feed is a resident of the State of Wisconsin.

With respect to Principle, the allegation of a limited liability company's principal place of business is irrelevant to the issue of subject matter jurisdiction. Rather, for a limited liability company, "citizenship . . . for purposes of diversity jurisdiction is the citizenship of [each of ] its members." *Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir. 1998). The citizenship of a non-corporate entity must be "traced through however many layers of partners or members there may be." *Meyerson v. Showboat Marina Casino P'ship,* 312 F.3d 318, 320 (7th Cir. 2002). Members of a limited liability company may include "partnerships, corporations, and other entities that have multiple citizenships." *Hicklin Eng'g, L.C. v. Bartell,* 439 F.3d 346, 347 (7th Cir. 2006). "A federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships." *Id.* at 348. Therefore, Principle must allege each member of the limited liability company and its citizenship.

With respect to Defendant Feed.ing BV ("Feed"), alleged upon information and belief, to be a Netherland's limited liability company, the issue of citizenship has additional layers of complexity. It is well-settled that a plaintiff claiming diversity jurisdiction may not do so on the basis of information and belief, only personal knowledge is sufficient. *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.,* 980 F.2d 1072, 1074 (7th Cir. 1992). Alleged jurisdictional facts must be supported by competent proof. *Hertz,* 130 S.Ct. at 1194-95.

*White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.,* 647 F.3d 684, 686

(7th Cir. 2011), highlights that it can be difficult to decide whether a foreign business entity bearing a specific suffix is a corporation for the purpose of § 1332 or is more like a limited partnership, limited liability company, or business trust. *Id.* (citing *Lear Corp. v. Johnson Electric Holdings Ltd.,* 353 F.3d 580, 582-83 (7th Cir. 2003)).

The acronym B.V. stands for "Besloten Vennootschap," a Dutch entity. It is unclear to the Court whether a "Besloten Vennootschap" is more like a corporation, a limited liability company, or some other legal entity. Principle must provide factual information regarding the nature of a "Besloten Vennootschap," and the type of legal entity to which it is most analogous for purposes of section 1332. If Feed is analogous to a limited liability company, then its citizenship depends on the citizenship of its members, and the identity of all members must be alleged. Furthermore if, as implied by paragraph two of the Complaint, Feed has individuals as members, "residence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction." *Meyerson v. Harrah's E. Chi. Casino,* 299 F.3d 616, 617 (7th Cir. 2002). The Complaint must be amended to clarify the citizenship of any individuals; i.e., the identity of the state or county in which each person is domiciled. *See Hunter v. Amin,* 583 F.3d 486, 491-92 (7th Cir. 2009). The Court will give Principle an opportunity to amend its Complaint to establish that subject matter jurisdiction exists.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

**On or before July 8, 2013,** Principle **MAY FILE** an amended Complaint.

Failure to file an amended Complaint by the stated deadline will result in dismissal of this action for lack of subject matter jurisdiction.

Dated at Milwaukee, Wisconsin, this 5th day of June, 2013.

                                        BY THE COURT:

                                        */s/ Rudolph T. Randa*
                                        **HON. RUDOLPH T. RANDA**
                                        **U.S. District Judge**