**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**PRINCIPLE SOLUTIONS LLC,**

        Plaintiff-Counterclaim-Defendant,

    v.

**FEED.ING BV,**

        Defendant-Counter-Claimant,

and                                           **Case No. 13-C-223**

**NATURAL BALANCE PET FOODS,**
and **JERRY BALL,**

        Defendants,

---

**FEED.ING BV,**

        Third-Party Plaintiff,

    v.

**KEVIN ZIMMER**

        Third-Party Defendant.

---

## ORDER

By a June 5, 2013, Order, this Court raised issues with respect to the sufficiency of the allegations of diversity jurisdiction. (ECF No. 8.) On July 8, 2013, the Plaintiff and Counter-Defendant, Principle Solutions LLC ("Principle"), filed an amended Complaint ("Complaint"), which adds two defendants. (ECF No. 12.) The allegations with respect to one of those defendants, Natural Balance Pet Foods, Inc.

("Natural Balance"), require further clarification. The caption of the Complaint identifies Natural Balance as "a California corporation." The body of the Complaint does not include that allegation; the Complaint alleges that Natural Balance is a "California–based corporation," and is "an international corporation;" and that no "member of the corporation is a citizen of Wisconsin." (Am. Compl. ¶ 3.)

Civil Local Rule 8 provides:

> If a pleading or notice of removal asserts jurisdiction based on diversity of citizenship, the pleading or notice must identify the amount in controversy and the citizenship of each party to the litigation. **If any party is a corporation, the pleading or notice must identify both the state of incorporation and the state in which the corporation has its principal place of business.** If any party is an unincorporated association, limited liability company, or partnership, the pleading or notice must identify the citizenship of all members.

(E.D. Wis.) (Emphasis added.)

Again, as the party invoking federal jurisdiction, Principle bears the burden of demonstrating that the jurisdictional requirements have been met. *See Muscarello,* 610 F.3d at 425. The burden of persuasion for establishing diversity jurisdiction is on the party asserting it. *Hertz Corp. v. Friend,* 559 U.S. 77, 130 S.Ct. 1181, 1194 (2010). At present, the Complaint does not clearly identify the state in which Natural Balance is incorporated and the state where it has its principal place of business. Also given that Natural Balance is alleged to be a corporation, any alleged "members" and their citizenship are not relevant to its citizenship for purposes of diversity

jurisdiction. Principle must amend its Complaint by the stated deadline in a manner consistent with this Order or its action will be dismissed for lack of subject matter jurisdiction without further notice.

The Court has also amended the caption to reflect the proper designation of Feed.Ing B.V.'s ("Feed.Ing") claim against Kevin Zimmer ("Zimmer"). On May 31, 2013, Feed.Ing filed a purported "counterclaim" against Kevin Zimmer ("Zimmer"). (ECF No. 7.) Notwithstanding Feed.Ing's legal theory that Zimmer and Principle are a single entity because "[o]n information and belief" Zimmer is the "sole member, director and shareholder of Principle," (Counter-claim ¶ 3), prior to May 31, 2013, Zimmer was not a party to the action. Thus, Feed.Ing's pleading against Zimmer is properly deemed a third-party Complaint and he is a third-party Defendant. *See Conseco v. Wells Fargo Fin. Leasing, Inc.,* 204 F.Supp.2d 1186, 1193 (S.D. Iowa 2002). (stating that "a 'third-party complaint' is a recognized pleading under the rules, but its purpose is to bring an additional party into the action under Fed. R. Civ. P. 14. Fed. R. Civ. P. 7(a).") This Order reflects the proper caption for this action.

Based on the foregoing and to clarify the record, if Principle amends its Complaint, rather than attempting to rely on its original "answer and counter-claim" filed May 31, 2013, Feed.Ing should file an amended answer, counter-claim, and third-party Complaint, and Principle and Zimmer should file an amended responsive

- 3 -

pleading thereto.[1]

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

**On or before September 30, 2013,** Principle **MAY FILE** a second amended Complaint.

Failure to file an amended Complaint by the stated deadline will result in dismissal of Principle's action for lack of subject matter jurisdiction.

Dated at Milwaukee, Wisconsin, this 17th day of September, 2013.

                              **BY THE COURT:**

                              _Rudolph T. Randa_
                              **HON. RUDOLPH T. RANDA**
                              **U.S. District Judge**

---

[1] Previously, the Court approved the stipulation of Feed.Ing, Principle and Zimmer that their prior pleadings would be the operative pleadings. (ECF No. 19.)

- 4 -