**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**PRINCIPLE SOLUTIONS, LLC,**

    Plaintiff-Counterclaim-Defendant,

    v.

**FEED.ING B.V.,**

    Defendant-Counterclaimant,

and                                                   Case No. 13-C-223

**NATURAL BALANCE PET FOODS, INC.,**
**and JERRY BALL**,

    Defendants,
_____

**FEED.ING. B.V.,**

    Third-Party Plaintiff,

    v.

**KEVIN ZIMMER,**

    Third-Party Defendant.

# DECISION AND ORDER

This matter is before the Court on the Civil L. R. 7(h) expedited non-dispositive motion of Third-Party Plaintiff Feed.Ing B.V. ("Feed") for an order requiring Counterclaim Defendant Principle Solutions, LLC ("Principle") and Third-Party Defendant Kevin Zimmer ("Zimmer") to participate in discovery regarding

Zimmer's alleged alter ego liability to Feed for debts of Principle ("alter ego discovery").

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery in federal civil cases. The federal discovery rules are liberal in order to assist in the preparation for trial and settlement of litigated disputes. *See Bond v. Uteras,* 585 F.3d 1061, 1075 (7th Cir. 2009). The Court's discovery processes and rules are used to require litigants to produce otherwise private information. *See id.*

While a party may object to discovery requests on the ground of relevance, that term is broadly defined under Rule 26. Rule 26(b)(1) allows parties to discover information "regarding any nonprivileged matter that is relevant to any party's claim or defense. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). *See Nw. Mem'l Hosp. v. Ashcroft,* 362 F.3d 923, 930 (7th Cir. 2004). District courts have broad discretion in determining motions to compel. *See Peals v. Terre Haute Police Dep't,* 535 F.3d 621, 629 (7th Cir. 2008).

Feed's amended third-party complaint against Zimmer alleges that Principle is a limited liability company organized under Wisconsin law. (ECF No. 46.) The parties are in apparent agreement that this Court should apply Wisconsin law on the alter ego issue. In recent years Wisconsin courts have followed "[t]he general rule . . . that a plaintiff's alter ego theory is governed by the law of the state in which the business at issue is organized." *Rual Trade Ltd. v. Viva Trade LLC,* 549 F. Supp. 2d

1067, 1077 (E.D. Wis. 2008) (citing *Restatement (Second) of Conflict of Laws* § 307 (regarding corporations). *See also Taurus IP, LLC v. DaimlerChrysler Corp.,* 726 F.3d 1306, 1336-37 (Fed. Cir. 2013); *Select Creations, Inc. v. Paliafito Am., Inc.,* 852 F. Supp. 740, 744 (E.D. Wis. 1994).

> Wisconsin law provides for alter ego liability as follows:
>
> "[T]he existence of the corporation as an entity apart from the natural persons comprising it will be disregarded, if corporate affairs are organized, controlled and conducted so that the corporation has no separate existence of its own and is the mere instrumentality of the shareholder and the corporate form is used to evade an obligation, to gain an unjust advantage or to commit an injustice."

*Consumer's Co-op. of Walworth Cnty. v. Olsen,* 142 Wis. 2d 465, 476, 419 N.W.2d 211, 214 (Wis. 1988) (citation omitted). Feed's second claim for relief in its amended third-party complaint is for alter ego liability. Feed may pursue discovery relevant to that claim. Therefore, Feed's motion is granted.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Feed's Civil L. R. 7(h) expedited non-dispositive motion to require Principle and Zimmer to participate in alter ego discovery (ECF No. 68) is **GRANTED**.

Principle and Zimmer **MUST** participate in discovery concerning Zimmer's alleged alter ego liability to Feed for debts of Principle; and

Principle and Zimmer **MUST NOT REFUSE** to produce documents or provide discovery upon the basis that alter ego discovery should occur at some later time.

Dated at Milwaukee, Wisconsin, this 30th day of May, 2014.

BY THE COURT:

_Rudolph T. Randa_
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**