# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PRINCIPLE SOLUTIONS LLC,**

    Plaintiff,

    -vs-                                          Case No. 13-C-223

**FEED.ING BV,
NATURAL BALANCE PET FOODS, INC., and
JERRY BALL,**

    Defendants.

# DECISION AND ORDER

This action arises from a business relationship between Feed.Ing B.V. ("Feed'), a Netherlands business that sells potato mix for use in the pet food industry, and Principle Solutions LLC ("Principle"), a Wisconsin business that specializes in sourcing commodities and ingredients for the pet industry. On September 30, 2014, the Court issued a Decision and Order granting Feed's summary judgment motion on its breach of contract counterclaim and dismissing Principle's breach of contract claim and granting Third-Party Defendant Kevin Zimmer's ("Zimmer") motion to dismiss Feed's third-party complaint against him and dismissing him from this action. (ECF No. 81.) Applying Wisconsin law, including the Uniform Commercial Code as adopted in Wis. Stat. ch. 404, the Court found that

Principle breached its June 2012 contract with Feed and Feed sustained damages of $11,380,800 in lost profits plus $945,000[1] in storage fees. The Court's order also set a Rule 16 scheduling conference, indicating that its purpose would be to establish a Rule 16(b)(1) scheduling order. (Decision and Order, 24.)

On October 6, 2014, Feed filed a second action in this District against Principle and other defendants, *Feed.Ing v. Principle Solutions, et al.,* Case No. 14-C-1241 (the "1241 action"), and an emergency motion for a temporary restraining order freezing assets and a preliminary injunction. (1241 action, ECF No. 4.)

A flurry of motions in both actions followed. This Decision and Order addresses eight pending motions in this action.[2] The motions in the 1241 action will be issued in a separate decision.

**Motion for Ruling that No Order for Leave to Amend is Required for Principle to Amend its Complaint and Add Parties**

Principle requests that the Court summarily accept its proposed Third Amended Complaint (ECF Nos. 110, 110-1) and allow for its service

---

[1] Pages 9 and 17 of the Court's September 30 Decision state the amount of storage charges as "$954,000" and the amount of damages as "$11,**0**380,800." The clerical errors are corrected to read "$945,000" and "$11,380,000." *See* Fed. R. Civ. P. 60(a).

[2] Also pending is a motion to seal (ECF No. 119) which is not fully briefed. That motion will be ruled on at a later date.

so that new parties will be able to participate in the January 12, 2015, scheduling conference. Feed asserts that Principle misinterprets the relevant portion of the Court's September 30 Order and, because Principle wants to amend its complaint two years after the original filing, it must submit the pleading and obtain express leave after satisfying the relevant Rule 15 analysis. To date no Rule 16(b)(1) scheduling order has been issued in this case.[3]

The parties' October 29 joint status report requested that the final pretrial conference be scheduled in mid-February 2016 and the trial in March 2016. (ECF No. 91.) The report also stated that Principle intended to file a third Amended Complaint and would provide a copy to all parties in advance of the November 12 scheduling conference. Principle did so. The parties disagreed as to whether Principle needed to file a motion to amend its pleadings and add parties. (Hale Aff. filed Nov. 12, 2014 ¶ 2.) (ECF No. 111.) Because the parties could not resolve the dispute prior to or during the telephonic scheduling conference, it was adjourned until January 12, 2015, so that the issue could be resolved by motion. (ECF No.

---

[3] Without direction of the Court the parties filed a Rule 26(f) report on March 3, 2014. (ECF No. 64.)

109.)[4]

Principle's first two amended Complaints were prompted by the Court's orders informing Principle of jurisdictional defects in both its original and amended Complaints. (ECF Nos. 8, 23.) This Court's practice is to set a deadline for parties to amend pleadings and add parties without need for motion practice as part of an initial Rule 16(b)(1) conference. This standard practice is designed to facilitate "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Although early motions to dismiss and for summary judgment delayed the issuance of a scheduling order, the Court declines to depart from its standard practice. Principle's expedited non-dispositive motion for a ruling that no order for leave to amend is required to amend its complaint and add parties is granted and the Clerk of Court will be directed to file Principle's Third Amended Complaint.

### Motion to Seal Exhibit C

In its motion for Rule 54(b) reconsideration of this Court's September 30 decision, Principle is relying on documents that Feed produced pursuant to the protective order in this action (the "223

---

[4] The January 12 conference has been adjourned until answers or other responsive pleadings to the Third Amended Complaint are filed.

protective order"), which were designated as confidential. (ECF Nos. 69, 70.) Thus, Principle filed a motion to seal (ECF No. 86) exhibit C to the affidavit of Anne M. Plichta ("Plichta") (ECF No. 85-4).

In response Feed filed a redacted exhibit C for public filing, and it asserts the redacted exhibit contains all the information that Principle needs to use and that the public would have a potential interest in seeing as a part of the adjudicatory process. (Feed's Resp. Mot. Leave to File Under Seal, 2.) (ECF No. 96.) Feed requests that exhibit C be returned pursuant to Gen. L.R. 79(c)(E.D. Wis.)

The Court may issue a protective order under Rule 26(c)(1)(G), which is available "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "requiring that a trade secret or other confidential research, development, or *commercial information* not be revealed or be revealed only in a specified way." (Emphasis added.) Secrecy is fine at the discovery stage, before the material enters the judicial record. *Baxter Int'l, Inc. v. Abbott Labs.,* 297 F.3d 544, 545 (7th Cir. 2002) (citing *Seattle Times Co. v. Rhinehart,* 467 U.S. 20 (1984)). "But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets

or other categories of bona fide long-term confidentiality." *Id*. The party seeking to seal items has the burden of showing good cause. *See id*. at 547.

Sven Gravendeel ("Gravendeel"), the Chief Executive Officer of Feed, avers that exhibit C is comprised of contracts between Feed and various customers and, as a result, amounts to a current and comprehensive customer list. (Gravendeel Decl. ¶¶ 3-4.) (ECF No. 97.) Feed keeps the information secret, does not generally make it publicly available, and it cannot be readily compiled from publicly-available sources. (*Id*.) Feed obtained its customers over many years through the expenditure of substantial resources, the list of desirable customers is largely static, and the industry for the sale of pet food ingredients such as potato is a small one. (*Id*.) The Court's review of exhibit C discloses that it includes 62 contracts, dated from October 29, 2013, through June 17, 2014, between Feed and various companies, including some multiple contracts with the same companies.

The facts presented by Feed and a review of exhibit C establish that a competitor learning the identity of Feed's recent customers and the terms of its sales to those customers could gain a competitive advantage in attempting to take on Feed's customers as its own. The information

amounts to commercially sensitive information that constitutes a trade secret since its "economic value depends on its secrecy." *See Baxter Int'l,* 297 F.3d at 547. Given the small size of the industry, good cause exists for protecting the names, addresses and contact information of Feed's recent customers. *See ProCD, Inc. v. Zeidenberg,* 86 F.3d 1447, 1454 (7th Cir. 1996) (a customer list is a common trade secret); *E.E.O.C. v. Abbott Labs.,* No. 10-C-833, 2012 WL 3842460, at *2 (E.D. Wis. Sept. 5, 2012). *See also, Formax Inc. v. Alkar-Rapidpak-MP Equip., Inc.,* No. 11-C-0298, 2014 WL 792086, at *3-4 (E.D. Wis. Feb. 25, 2014) (noting that "[i]n Wisconsin, customer lists are not generally afforded protection as trade secrets," citing *Gary Van Zeeland Talent, Inc. v. Sandas,* 84 Wis.2d 202, 209, 267 N.W.2d 242, 246 (Wis. 1978), but finding good cause to seal an invoice, which the defendants contended contained "sensitive, confidential information regarding customers, purchases, and sales amounts," and two other documents containing similar information).

General L.R. 79(c) allows for the return of an exhibit if directed by the Court. However, for purposes of the record, the Court declines to return the unredacted documents. Feed's alternative request, that the redacted version be publicly filed and the unredacted version submitted by Principle be filed under seal, is granted. The sealing order will expressly

provide that any party and any interested member of the public may challenge the sealing of those papers. *See Cnty. Materials Corp. v. Allan Block Corp.,* 502 F.3d 730, 740 (7th Cir. 2007).

**Principle's Motion for Sanctions and Feed's Expedited Motion to Modify Protective Order**

Principle seeks sanctions against Feed and its counsel, pursuant to Rule 37(b)(2) and/or the Court's inherent power (ECF No. 87), asserting that Feed violated the 223 protective order by using information obtained in this action in the subsequent 1241 action by which Feed seeks to recover assets to satisfy Principle's monetary obligations resulting from the Court's September 30 summary judgment decision.

Feed asserts that using confidential information in a subsequent enforcement action is acceptable, citing *AT&T Corp. v. Public Service Enterprises of Pennsylvania, Inc.,* Nos. CIV. A. 99-4975, CIV. A. 99-6099, 2000 U.S. Dist. LEXIS 4649, at \*\*2-3, 8, 2000 WL 387738, at \*2 (E.D. Pa. Apr. 12, 2000). Feed also argues that (1) Principle has not shown it violated the protective order or that the subject information is confidential; (2) the Court of Appeals for this circuit has instructed that use of the information in related proceedings should generally be permitted; and (3) Principle has made no attempt to show harm or

prejudice by having the information filed under seal in the 1241 action. Feed also requests that the Court take judicial notice of specific documents.[5]

Feed also filed a Civil L.R. 7(h) expedited motion (ECF No. 92) to modify the 223 protective order, indicating that in the 1241 action it used information produced by Principle pursuant to the protective order to protect the enforceability of orders or judgments entered in this action. Feed states that its expedited motion will avoid the expenditure of further energy on a collateral matter.

Principle asserts that Feed's desire to avoid sanctions for its misconduct does not justify expedited relief and the issues should be decided on the pending motions. It also asserts that Feed has not shown good cause for modification of the 223 protective order and that the motion should not be decided by means of an expedited format.

The parties agreed to the 223 protective order, and the Court approved that order. The order provides, "[w]hereas the parties wish to

---

[5] Feed's request refers to the documents as being filed in this action. However, given the October 6, 2014, filing dates—a date when no documents were filed in this action—it appears that Feed is referring to documents filed in the 1241 action. Federal Rule of Evidence 201 permits the Court to take judicial notice of the docket for and documents filed in the 1241 action because the matter is within the public record and therefore not subject to reasonable dispute, and it can accurately and readily be determined from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b)(2); *Henson v. CSC Credit Sers.,* 29 F.3d 280, 284 (7th Cir. 1994).

ensure that *confidential, proprietary, or trade secret information will be used only for the purposes of this action* and *will not be* disclosed or *used in any other way.*" (Protective Order 2.) (Emphasis added). The Order further states: "Except as provided herein, Discovery Material designated as *Confidential Information under this . . . Order shall not be used* or *disclosed for any purpose whatsoever other than preparing for and conducting the above-captioned lawsuit, including any appeal therefrom.*" (*Id.* at ¶ 3.) (Emphasis added.)

In the 1241 action, Feed filed the documents obtained pursuant to the 223 protective order under seal. The 1241 action Complaint references and is based on financial documents produced in discovery in this action and labeled with a Confidential and/or Confidential-Attorneys Eyes Only designation in accordance with the 223 protective order. Among the several cases cited by Feed contending that its use of the documents was permissible, the most persuasive is *In re Dual-Deck Video Cassette Recorder Antitrust Litig.,* 10 F.3d 693, 695-96 (9th Cir. 1993), a contempt proceeding brought against plaintiff Go Video, Inc. for "using" discovery subject to a protective order obtained in an earlier lawsuit against the defendants to support a later lawsuit against them. In addressing the issue, the appeals court stated:

> The defendants have not accused Go-Video of revealing any secrets. Instead, they argue Go-Video "used" information in violation of the protective order that it would not have discovered so easily but for the protective order, just by filing another lawsuit and litigating. But Go-Video went to great lengths to avoid revealing in the public filings anything it had learned in discovery. *Privacy of proprietary information, not immunity from suit, was the legitimate purpose of the protective order.* Despite its harmless technical violations, Go-Video substantially complied with the order. The only other prejudice defendants have alleged is the $10,000 in attorney's fees they spent on the motion to hold Go-Video in contempt.

*Id. See also, Fujitsu Ltd. v. Tellabs, Inc.,* No. 09 C 4530, 2013 WL 1405223, at *6 (N.D. Ill. Apr. 5, 2013) ("As in *Go-Video v. Motion Picture Association of America,* the protective orders in this case were designed to protect "[p]rivacy of proprietary information, not immunity from suit").

The 1241 action is premised on allegations of fraudulent conveyances by Principle and related entities. As in the *Go-Video/Dual Deck* case, the protective order was designed to protect the privacy of information, not shield Principle from such a lawsuit. Furthermore, the confidentiality of the materials designated by Principle was preserved in the 1241 action because Feed filed the information under seal, redacted it from its public filings, and filed objections to the sealing of the materials. That process afforded Principle an opportunity to move for sealing of the

subject materials. Under these circumstances, the Court finds that Feed substantially complied with the 223 protective order and denies Principle's motion for sanctions.

Furthermore, having carefully considered the parties' arguments, the Court concludes that there is "good cause" for modification of the 223 protective order. Thus, the Court modifies the order as follows:

> To the extent that the protective order could be read to preclude the use of confidential information in E.D. Wis. Case No. 14-C-1241, it is hereby clarified and modified to provide that designated confidential information under the Protective Order may be used in E.D. Wis. Case No. 14-C-1241 to the same extent as used in this case, under the same procedures for filing, and may continue to be used in either case until final judgment and all possible appeals in both cases are completed.

This modification is adopted to avoid the presentation of similar issues in the 1241 action.

Based on the foregoing, Principle's motion for sanctions is denied, and Feed's expedited motion for modification of the protective order is granted.

### Motion for Reconsideration and Expedited Motion to Vacate the September 30, 2014, Decision and Order

Pursuant to Rule 54(b), Principle seeks reconsideration (ECF No.

82) of certain portions of the Court's September 30 decision, contending that the Court (1) misapplied summary judgment methodology by interpreting disputed material facts in a light most favorable to Feed; (2) dismissed Principle's damages claims without proper factual consideration and in contravention of Wis. Stat. § 402.612; and (3) awarded Feed damages as a matter of law, without a hearing, based on legally insufficient evidence and without considering evidence arising well after the summary judgment briefing. By a subsequently filed expedited motion, Principle asserts that the summary judgment order awarding damages based on Feed's representation that it suffered $11,380,800 in lost profits should be vacated due to Feed's intentional misrepresentation of the market price and sales of its potatoes. (ECF No. 118.)

A district court will grant a motion for reconsideration when: (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.

1990). Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269 (7th Cir. 1996).

Having reviewed the September 30 decision in light of Principle's arguments, the Court does not find that it erred in its application of the summary judgment methodology, or that Principle's damages claims were not given proper factual consideration and were decided contrary to Wis. Stat. § 402.612, which relates to breach of an installment contract. Furthermore, the damages amount was supported by paragraphs 18 and 19 of Gravendeel's declaration, establishing damages as supported by additional documentation contained in Exhibits O and P to that declaration. (ECF No. 33, 33-15, 33-16.) Those facts were set forth in paragraphs 38 and 39 of Feed's proposed findings of fact:

> 38. Principle's refusal to accept and pay for deliveries it committed to purchase caused Feed lost profit damages in an amount in excess of $11,380,800. (Gravendeel Decl. ¶ 18, Exh. O.)
>
> 39. In addition, Feed paid $945,000 in storage and transport charges that it would not have incurred if not for Principle's breach. (Gravendeel Decl. ¶ 19, Exh. P.)

(ECF No. 34.)

Principle's response to those proposed findings of fact stated:

> [38]. To the extent that this statement suggests that Principle did not accept or pay for deliveries it was required to under an agreement with Feed, the factual record indicates:
>
> The agreement between Principle and Feed was for a shipment volume of 25 containers per week for four weeks at a purchase price of 48.5 cents for potato mix of specified quality. (Zimmer Decl. ¶ 8, Principle Exh. D, Zimmer Decl. ¶ 9, Principle Exh. E, Zimmer Decl. ¶¶ 10-17, Principle Exh. F, Principle Exh. C, Principle Exh. G).
>
> [39]. To the extent that this statement suggests that Principle breached an agreement with Feed, the factual record indicates:
>
> The agreement between Principle and Feed was for a shipment volume of 25 containers per week for four weeks at a purchase price of 48.5 cents for potato mix of specified quality. (Zimmer Decl. ¶ 8, Principle Exh. D, Zimmer Decl. ¶ 9, Principle Exh. E, Zimmer Decl. ¶¶ 10-17, Principle Exh. F, Principle Exh. C, Principle Exh. G).

(ECF No. 47-1.) Principle's response pressed its construction of the contract; however, it did not challenge the amount of damages claimed by Feed. Nor did Principle request relief from any portion of the summary judgment motion by means of Rule 56(d), an avenue that may be used by a party that cannot present facts to justify its opposition.

Furthermore, an email exchange between counsel for Feed and Principle (ECF Nos. 130-1, 132-1) culminated in a sales agreement for

2,500 metric tons of potato mix for $0.40 per pound signed by Zimmer on behalf of Principle on November 15, 2013, and Gravendeel of Feed on November 26, 2013. (Wagner Decl. filed Nov, 26, 2014, ¶ 3.) (ECF No. 130.) Principle filed its opposition to Feed's summary judgment motion 20 days later, on December 16, 2013. As of that date, Principle had information that it could have used to contest the amount of damages. Principle did not do so, and it may not revisit the issue based on arguments that could have been made. In awarding damages the Court relied upon the uncontested sworn statement of Gravendeel. Based on the issues raised by Principle and the information provided, its Rule 54(a) motions for reconsideration are denied.

**Motions for Entry of Partial Final Judgment and to Strike Motion for Partial Judgment**

Pursuant to Civil L.R. 7(h) and Fed. R. Civ. P. 54(b), Feed seeks entry of partial final judgment (ECF No. 94), relying on the September 30 Order which granted Feed summary judgment of $12,325,800 on its first counterclaim for breach of contract (ECF No. 25) and dismissed Principle's only contract claim (ECF No. 24); the dismissal of Feed's remaining claims against Zimmer (ECF No. 81); and the voluntary dismissal of the remaining claims against Principle by stipulation (ECF No. 90). Principle

seeks an order striking Feed's Civil L.R. 7(h) expedited motion for entry of partial final judgment.[6]

Feed cites Rule 54(b), which provides: "When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." A court should not enter a final judgment under Rule 54(b) unless the judgment is an "ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 436 (1956). Given the current state of the action, and the significant contentions regarding the damages findings, this Court cannot conclude that it is ripe for the ultimate disposition of the contract claims. Therefore, Feed's motion for entry of final judgment is denied. Principle's motion to strike is also denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Pages 9 and 17 of the Court's September 30, 2014, Decision and

---

[6] Rule 12(f) provides the authority to strike information from a pleading. The types of pleadings in a civil case are listed in Rule 7, and a motion is not included in that list. Therefore, the motion is considered as a motion to exclude.

Order are **AMENDED** to read "$945,000" and "$11,380,800" instead of "$954,000" and "$11,0380,800;

Principle's expedited non-dispositive motion for a ruling that no order for leave to amend is required for it to amend its complaint and add parties (ECF No. 110) is **GRANTED**;

The Clerk of Court is directed to file Principle's Third Amended Complaint (ECF No. 110-1);

Principle's motion to seal (ECF No. 86) exhibit C to the Plichta affidavit is **GRANTED** to the following extent: the Clerk of Court is directed to seal the unredacted version of exhibit C (ECF No. 85-4) and file the redacted version of exhibit C (ECF No. 98-1). Any party and any interested member of the public may challenge the sealing of exhibit C.

Principle's motion for sanctions (ECF No. 87) for violating the protective order is **DENIED**;

Feed's Civil L.R. 7(h) expedited motion (ECF No. 92) to modify the protective order is **GRANTED**;

The protective order is **MODIFIED** to add the following paragraph:

> To the extent that the protective order could be read to preclude the use of confidential information in E.D. Wis. Case No. 14-C-1241, it is hereby clarified and modified to provide that designated confidential information under the

> Protective Order may be used in E.D. Wis. Case No. 14-C-1241 to the same extent as used in this case, under the same procedures for filing, and may continue to be used in either case until final judgment and all possible appeals in both cases are completed.

Principle's motion for reconsideration (ECF No. 82) is **DENIED**;

Principle's motion to vacate the September 30, 2014, Decision and Order (ECF No. 118) is **DENIED**;

Feed's motion for entry of partial final judgment (ECF No. 94) is **DENIED**; and

Principle's motion to strike Feed's motion for entry of partial final judgment (ECF No. 107) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 8th day of January, 2015.

                                                        **BY THE COURT:**

                                                        _/s/ Rudolph T. Randa_

                                                        **HON. RUDOLPH T. RANDA**
                                                        **U.S. District Judge**