# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PRINCIPLE SOLUTIONS LLC,**

    Plaintiff,

    -vs-                                              **Case No. 13-C-223**

**FEED.ING BV, SVEN GRAVENDEEL,
JOSEPH HERRICK, GREGORY KAY,
NATURAL BALANCE PET FOODS, INC.,
and JERRY BALL,**

    Defendants.

## DECISION AND ORDER

This Decision and Order addresses a series of expedited non-dispositive motions (ECF Nos. 164, 165, 178, 180) filed pursuant to Civ. L. R.7(h) (E.D. Wis.) and a motion (ECF No. 166) for leave to file exhibit C to the declaration of Anne M. Plichta ("Plichta") (the "Plichta declaration") under seal (ECF No. 167-3).

### Sealing Motion

With respect to the motion to seal, Plaintiff Principle Solutions LLC ("Principle") maintains that exhibit C to the Plichta declaration contains documents that non-party American Nutrition, Inc. ("Nutrition") produced in discovery and designated as confidential.

As stated in previous orders in this action, the Court may issue a protective order under Federal Rule of Civil Procedure 26(c)(1)(G), which is available "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Secrecy is fine at the discovery stage, before the material enters the judicial record. *Baxter Int'l, Inc. v. Abbott Labs.,* 297 F.3d 544, 545 (7th Cir. 2002) (citing *Seattle Times Co. v. Rhinehart,* 467 U.S. 20 (1984)). "But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Id.* The party seeking to seal items has the burden of showing good cause. *See id.* at 547.

Principle's motion does not establish good cause for sealing, and the Court could deny the motion outright. However, information that Nutrition deemed to be confidential is at issue, and there is no indication that Principle informed Nutrition it was filing the documents. The Court will require that Principle serve Nutrition with a copy of its motion to seal, the Plichta declaration, including its attachments, and this Decision and

Order. Thereafter, Principle must file a statement indicating whether Nutrition asserts that exhibit C should be filed under seal and, if it does, providing facts, accompanied by case law, which it believes establish good cause for sealing. The motion will be held in abeyance until Principle makes those filings.

Furthermore, in an effort to streamline sealing requests, any future requests to seal non-party documents filed in this action must be accompanied by a statement indicating that the party/parties have conferred with the non-party, informed the non-party of the intent to file such documents and determined whether or not the non-party asserts such documents should be filed under seal. If sealing is sought, the statement must set forth facts obtained from the non-party, accompanied by supporting case law, which are believed to establish good cause for sealing.

**Scheduling Order Motion & Motion for a Stay of Discovery**

Defendant Feed.Ing B.V. ("Feed') requests entry of its proposed scheduling order or, in the alternative, that a scheduling conference be conducted, asserting that the case has been pending since February 28, 2013, and no scheduling order has been issued. Feed requests that the Court issue an order ensuring that a trial will be conducted by February

2016 so final judgment can be entered in this case by the 3-year mark.

Principle contends that Feed's proposed dates are unrealistic, and it requests a scheduling conference shortly after the June 15 date Feed agreed to for a responsive pleading by Defendants Joseph Herrick ("Herrick") and Gregory Kay ("Kay"). Principle also requests a 90-day period to conduct specific discovery before responding to Feed's pending summary judgment motion.

Herrick and Kay oppose Feed's proposed scheduling order and suggest that a scheduling conference should not be set until July or August 2015, allowing the Court time to rule on the motions to dismiss filed or to be filed by Gravendeel, Herrick, and Kay. (ECF No. 171.) They state that given their recent joinder, a June scheduling conference would be premature, would require them to incur considerable expense in legal fees, possibly unnecessarily, and would be a waste of judicial resources.

Herrick and Kay also filed a motion requesting a temporary stay of discovery as to the two of them. (ECF No. 178). They assert this would relieve them of the need to attend, and adverse consequences in failing to attend, depositions noticed by counsel for Defendant Jerry Ball ("Ball") and Principle. In addition, Herrick and Kay request a temporary stay of Herrick's deposition. (ECF No. 180.) They state that because Herrick is

- 4 -

Case 2:13-cv-00223-RTR   Filed 06/25/15   Page 4 of 11   Document 191

challenging the existence of the Court's personal jurisdiction over him, there is "good cause" for staying the deposition, and that preparing for his deposition would be burdensome because he is new to the case.

Feed has no objection to Herrick and Kay not attending the depositions of other individuals scheduled over the next month and a half, and so does not object to that portion of the motion for a stay. However, Feed maintains that Herrick and Kay should be required to respond to discovery, including submitting to their own depositions which Principle has already noticed.

Principle asserts that Herrick and Kay have not shown good cause for a protective order, and they should not be allowed to delay discovery essential to its prosecution of this case.  In addition, it states that the stipulation granting Herrick and Kay an additional four and a half months to respond to the Third Amended Complaint ("Complaint") also effectively stayed discovery for that length of time, and no further stay is warranted under the circumstances.  Principle also indicates that Herrick's deposition is essential for its defense of Feed's summary judgment motion; and even if Herrick prevails on his motion to dismiss, he would still be subject to deposition by means of a non-party subpoena.

Rule 16(b)(2) provides "[t]he judge must issue the scheduling order

as soon as practicable, but in any event within the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared." This case, filed in late February 2013, has taken a meandering and unconventional course, and the issuance of a scheduling order has been greatly delayed. Having considered the positions of the parties and the status of this case, the Court will require that the parties participate in a telephone scheduling conference on July 14, 2015, at 2:30 p.m., and thereby grants Feed's alternative request for a scheduling conference.

Under the circumstances of this case and based on the arguments of the parties, Herrick and Kay have not established "good cause" to stay discovery as to them or to stay Herrick's deposition. Furthermore, although the Court is not aware of a requirement that any party attend another's deposition in a case, the Court will not approve their non-attendance because that may suggest its approval of multiple depositions of the same person. Therefore, their motions for temporary stay of discovery and deposition are denied.

**Motion for Discovery Prior to Summary Judgment Response**

Principle requests time for specific discovery to show facts which it asserts are essential for its opposition to Feed's summary judgment motion.

- 6 -

Principle maintains that its request is warranted because: 1) it has not yet had the ability to conduct all relevant discovery; 2) the declaration of William J. Behnken ("Behnken") of Nutrition in support of that motion "was carefully scripted, does not address essential facts, and requires further scrutiny;" and 3) relevant discovery requested from Feed remains outstanding.  (Mot. Time to Take Discovery 1.) (ECF No. 165.)  On May 19, the Court stayed the time for Principle to respond Feed's summary judgment motion until a decision on Principle's motion for time to take discovery, indicating that if the motion is denied Principle would have 20 days from the date of the  decision to file its summary judgment response.

Rule 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery. . . ."  The nonmoving party's Rule 56(d) affidavit should explain why the additional discovery is necessary and demonstrate that it has not been dilatory in seeking such discovery.  *See Deere & Co. v. Ohio Gear,* 462 F.3d 701, 706 (7th Cir. 2006); *Kalis v. Colgate-Palmolive Co.,* 231 F.3d

1049, 1057 n.5 (7th Cir. 2000).[1] Simply claiming that a party has not had the opportunity to conduct discovery is not enough to defeat a motion for summary judgment. "Rule 56 does not require that discovery take place in all cases before summary judgment can be granted. . . . In fact, [the Seventh Circuit] has noted that 'the fact that discovery is not complete—indeed has not begun—need not defeat [a motion for summary judgment].'" *Waterloo Furniture Components, Ltd. v. Haworth, Inc.,* 467 F.3d 641, 648 (7th Cir. 2006).

In support of its motion, Principle states that the three new Defendants have not made initial disclosures; it has not conducted discovery on the new claims added by the Complaint; it had no knowledge that Feed intended to rely on Behnken as a witness prior to receiving Feed's summary judgment motion; and it needs to depose Behnken and Herrick so that it can refute facts asserted in Feed's summary judgment motion.

Feed contends that Principle has not established "good cause" for failing to conduct discovery earlier, noting that Principle has not noticed the depositions of Behnken, Terry Luther ("Luther"), Herrick, or Defendant

---

[1] Rule 56(d) was formerly designated as Rule 56(f). *See* Fed. R. Civ. P. 56, Advisory Comm. Notes, 2010.

Sven Gravendeel ("Gravendeel"). Feed also states that although it responded to Principle's first request for production of documents on July 25, 2014, indicating it would produce documents responsive to requests 2, 6, and 8. However, Feed considered these discovery requests moot after the Court's September 30, 2014, Decision and Order, and Principle did not follow up on the requests until after Feed filed its summary judgment motion in the spring of 2015. Feed produced those supplemental materials on May 26, 2105. Feed also states that Principle has not sufficiently shown that the additional discovery is necessary.

Under Rule 26(d)(1), discovery may not begin until after the Rule 26(f) conference. That conference is now scheduled for July 14, 2015.

Principle has also noticed seven depositions, including those of Luther, Behnken, and Gravendeel, to take place from June 19 through July 23. (See ECF Nos. 181-3 through 181-9.) Principle's motion offers sufficient detail regarding the facts it hopes to elicit and how they are expected to create a material issue of fact. Furthermore, Principle's issues for discovery are relevant to Feed's summary judgment motion. Thus, Principle's motion to allow discovery before its summary judgment response is due is granted. Principle may file its response and supporting papers to Feed's summary judgment motion on or before August 24, 2015.

Any reply thereto must be filed on or before September 11, 2015.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Feed's Civil L.R. 7(h) expedited non-dispositive motion (ECF No. 164) for a scheduling order or, in the alternative, for a scheduling conference is **GRANTED** to the extent that the Court will conduct a telephonic scheduling conference with the parties **on July 14, 2015, at 2:30 p.m.** (Central Time), the Court will initiate the call, and **DENIED** in all other respects;

Principle's Civil L.R. 7(h) expedited non-dispositive motion to take discovery prior to responding to Feed's motion for summary judgment (ECF No. 165) is **GRANTED**;

Principle may file its response and supporting papers to Feed's summary judgment motion **on or before August 24, 2015.** Any reply thereto must be filed **on or before September 11, 2015.**

Herrick and Kay's motions to temporarily stay discovery and Herrick's deposition (ECF Nos. 178, 180) are **DENIED**;

Any motion to seal non-party papers filed in this action must be accompanied by a statement indicating that the party/parties and the non-party have conferred, the non-party has been informed of the intent to file

such documents, and a determination has been made as to whether or not the non-party asserts such documents should be filed under seal. If sealing is sought, the statement must set forth facts obtained from the non-party, accompanied by supporting case law, which are believed to establish good cause for sealing.

**No later than June 29, 2015,** Principle **MUST** serve Nutrition with a copy of its motion to seal, the Plichta declaration, including its attachments, and this Decision and Order; and

**No later than July 14, 2015**, Principle must file a statement indicating whether Nutrition asserts that exhibit C should be filed under seal and, if it does, provide facts, accompanied by case law, which it believes establish good cause for sealing.

The motion to seal (ECF No. 166) will be held in abeyance until Principle makes those filings.

Dated at Milwaukee, Wisconsin, this 26th day of June, 2015.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 11 -