# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PRINCIPLE SOLUTIONS, LLC,**

       Plaintiff,

 -vs-                                        **Case No. 13-C-223**

**FEED.ING BV, SVEN GRAVENDEEL,
NATURAL BALANCE PET FOODS, INC.,
and JERRY BALL,**

       Defendants.

---

**FEED.ING BV,**

       Plaintiff,

 -vs-                                        **Case No. 14-C-1241**

**PRINCIPLE SOLUTIONS, LLC;
PRINCIPLE INVESTMENTS, INC.;
KEVIN M. ZIMMER; GCAM, LLC;
GCAM-R, LLC; KEVIN M. ZIMMER
AND AMY E. ZIMMER REVOCABLE
TRUST; KEVIN ZIMMER AND
AMY ZIMMER IN THEIR CAPACITY
AS TRUSTEES OF THE KEVIN M.
ZIMMER AND AMY E. ZIMMER
REVOCABLE TRUST; and PRODUCE
PRODUCERS,**

       Defendants,

and

**COMMERCE STATE BANK,**

       Intervenor.

## **DECISION AND ORDER**

This Order affects the two above-captioned related actions and therefore is being issued in both actions, although it addresses the September 16 request (ECF No. 209) of Defendants Feed.ing B.V. and Sven Gravendeel (collectively "Feed") and Plaintiff Principle Solutions, Inc. ("Principle") filed in Case No. 13-C-223, (the "223 action") that the parties to both actions be required to engage in mediation to be completed within the next six weeks by a mutually agreed upon mediator, and that concurrently the proceedings in both cases be stayed. These parties state that substantial discovery has been taken in the 223 action, and that Feed and Principle believe that there is an opportunity for a global resolution of that case and Case No. 14-C-1241 (the "1241 action"), and that all parties to the 1241 action support their requests. They further state that if the mediation is unsuccessful, the parties will confer in good faith regarding revised scheduling orders that would preserve the scheduled trial dates.

Defendant Jerry Ball does not oppose the mediation; however, he states that it should be conducted after non-expert fact discovery closes on December 4, 2015. (ECF No. 210.) He opposes the stay, contending that all deadlines set by the July 15, 2015, Scheduling Order should remain in

- 2 -

Case 2:13-cv-00223-RTR   Filed 09/18/15   Page 2 of 4   Document 212

place. Defendant Natural Balance Pet Foods, Inc. states that mediation should be conducted after fact discovery has concluded on December 4 and that a stay of the scheduling order could jeopardize the remaining dates on the scheduling order. (ECF No. 211.)

Upon consideration of the parties' positions, the Court directs immediate mediation of the two actions to conclude within six weeks; this mediation will channel the parties' resources in a manner that may ultimately resolve the disputes in a more cost-effective manner and also conserve Court resources. The briefing of the pending motions in both actions will be stayed, and the Court will not consider any fully briefed motions until after the end of the six-week period. However, given the concerns expressed by the parties' during the scheduling conferences, the minimal leeway of the deadlines set by the scheduling orders, and the current positions of all parties, the scheduling order dates and deadlines will remain in place and will not be stayed.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The parties to the 223 and the 1241 actions **MUST** engage in mediation before a mutually agreed upon meditator. That mediation **MUST** be completed no later than **October 30, 2015**;

The briefing of the pending motions in both actions is **STAYED** until **October 30, 2015**; and,

If the mediation is unsuccessful the briefing of all pending motions **MUST resume effective October 31, 2015**.

Dated at Milwaukee, Wisconsin, this 18th day of September, 2015.

                                    **BY THE COURT:**

                                    _____
                                    **HON. RUDOLPH T. RANDA**
                                    **U.S. District Judge**